**DENIED and Opinion Filed November 14, 2023**



In the
# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-23-01119-CV

## IN RE SHEDRICK THORNTON, Relator

**Original Proceeding from the Criminal District Court No. 1
Dallas County, Texas
Trial Court Cause No. F1970256**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Carlyle, and Garcia
Opinion by Justice Carlyle

Before the Court is relator's November 7, 2023 petition for writ of mandamus. Relator argues the trial court has not ruled on a motion for judgment nunc pro tunc that relator contends he filed on September 28, 2023. He asks this Court to compel the trial court to reform the judgment to give him credit for time served. We deny the petition.

To establish the right to mandamus relief in a criminal case, the relator must show that the trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). Relator bears the burden of providing the Court with a record sufficient

to show he is entitled to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding).

Here, however, relator attached only one document to his petition. That document purportedly shows relator's time served, but it is neither a sworn nor certified copy. *See* TEX. R. APP. P. 52.3(k)(1)(A) (appendix must contain "a certified or sworn copy of any order complained of, or any other document showing the matter complained of"), 52.7(a)(1) (relator must file with the petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"). Relator did not provide, among other things, a record showing he filed the purported motion in the trial court, requested a ruling, or that the trial court has failed or refused to rule on that motion. Accordingly, we conclude relator has failed to meet his burden to provide a record sufficient to support his request for mandamus relief.

Even if these defects did not exist, we would deny the petition. While we have jurisdiction to direct the trial court to exercise its discretion by issuing ruling after a reasonable amount of time has passed, we may not tell the trial court how to rule on a pending motion. *In re Noble*, No. 05-23-00322-CV, 2023 WL 2910619, at *1 (Tex. App.—Dallas Apr. 12, 2023, orig. proceeding) (mem. op.).

To the extent relator's petition could be construed as a request to compel the trial court to rule, relator must show his motion was properly filed, that the trial court had a legal duty to rule on the motion, was asked to rule on the motion, and failed or

refused to do so within a reasonable time. *Id.* Here, assuming without deciding that relator's purported motion was properly filed on September 28, 2023, we conclude this proceeding is premature.

Accordingly, we deny relator's petition for writ of mandamus.

231119f.p05

/Cory L. Carlyle//
CORY L. CARLYLE
JUSTICE